1  LAWRENCE M. HADLEY - State Bar No. 157,728
   lhadley@glaserweil.com
2  STEPHEN E. UNDERWOOD - State Bar No. 320,303
   sunderwood@glaserweil.com
3  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
6
   LAWRENCE R. LAPORTE, SB# 130,003
7  Lawrence.LaPorte@lewisbrisbois.com
   LEWIS BRISBOIS BISGAARD & SMITH LLP
8  633 West 5th Street, Suite 4000
   Los Angeles, California 90071
9  Telephone: 213.250.1800
   Facsimile: 213.250.7900
10
   Attorneys for Plaintiff
11 Core Optical Technologies, LLC

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                  SOUTHERN DIVISION

15 CORE OPTICAL TECHNOLOGIES,           CASE NO: 8:19-cv-2189-JAK-RAO
   LLC,
16                                       **PLAINTIFF CORE OPTICAL
                                         TECHNOLOGIES, LLC's
17              Plaintiff,               OPPOSITION TO JUNIPER'S
                                         MOTION TO STAY DISCOVERY**
18 v.

19 JUNIPER NETWORKS, INC., a            Hearing Date:  July 13, 2020
   Delaware Corporation, and DOES 1     Time: 8:30 a.m.
20 through 10, inclusive,               Location:  Courtroom 10B

21              Defendants.             Hon. John A. Kronstadt

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ..................................................................................................2

     A.      Core Optical Has Initiated Narrowly Tailored Discovery Which Is Highly Relevant to Both the Claims in the Second Amended Complaint and to Juniper's Rule 12(b)(6) Motion to Dismiss .............2

     B.      Juniper's Rule 12(b)(6) Motion Presents No Case Dispositive Issues, and the Patent Marking Statute (35 U.S.C. § 287(a)) Does Not Apply Where Only Method Claims Are Asserted ........................3

     C.      Juniper Does Not Identify Any Third-Party Products That Require Marking ...................................................................................................5

III.    ARGUMENT ........................................................................................................6

     A.      The Patent Marking Statute (35 U.S.C. § 287) Does Not Apply Where Only Method Claims Are Asserted ............................................6

     B.      Juniper Concedes that the Remaining Issues in Its Motion to Dismiss Are Not Case Dispositive, and Discovery Is Necessary to Resolve the Indirect Infringement Issues and Identify the Doe Defendants ..............................................................................................16

IV.     CONCLUSION ...................................................................................................17

CORE OPTICAL'S OPPOSITION TO JUNIPER'S MOTION TO STAY DISCOVERY

1832657

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks v. Verizon Commc'ns*,
694 F.3d 1312 (Fed. Cir. 2012) ............................................................... 13, 14, 17

*Am. Med. Sys. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993) ............................................................... 3, 4, 11, 12

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) ............................................................... 9

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
950 F.3d 860 (Fed. Cir. 2020) (*Arctic Cat II*) ............................................... 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ............................................................... 5, 10

*Core Optical Technologies, LLC v. Infinera Corp.*,
Case No.: 8:17-cv-00548-AG-JPR ............................................................... 2

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
498 F.Supp.2d 718 (D. Del. 2007) ............................................................... 5

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
559 F.3d 1308 (Fed. Cir. 2009) ............................................................... *passim*

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
679 F. Supp. 2d 512 (D. Del. 2010) ............................................................... 9

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983) ............................................................... *passim*

*Horatio Washington Depot Techs. LLC v. Tolmar, Inc.*,
No. CV 17-1086-LPS-CJB, 2019 WL 1276028 (D. Del. Mar. 20,
2019) ............................................................... 10, 11

*Huawei Techs. Co. Ltd. v. T-Mobile US, In*ch.,
No. 2:16-CV-0052-JRG-RSP, 2017 U.S. Dist. LEXIS 15383 (E.D.
Tex. Sep. 4, 2017) ............................................................... 13, 15

1832657

*Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*,
    No. 216CV00055JRGRSP, 2017 WL 5165606 (E.D. Tex. Oct. 15,
    2017) ................................................................................................................ 16

*Jackson v. Intel Corp.*,
    No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009) .......................... 11

*Lans v. Dig. Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001) ................................................................ 10, 11

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ..................................................................... 10, 15

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) ................................................................................... 6, 17

*Mlejnecky v. Olympus Imaging Am., Inc.*,
    No. 2:10-cv-02630-JAM-KJN, 2011 U.S. Dist. LEXIS 16128 (E.D.
    Cal. Feb. 7, 2011) ............................................................................................ 16

*Newell Companies, Inc. v. Kenney Mfg. Co.*,
    864 F.2d 757 (Fed. Cir. 1988) ...................................................................... 4, 13

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
    No. CIVA306CV-04249-FLW, 2008 WL 4449564 (D.N.J. Sept. 25,
    2008) ................................................................................................................ 16

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017) ......................................................... 13, 14, 15

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
    No. CV-16-284-LPS-CJB, 2018 WL 7893901 (D. Del. Dec. 17,
    2018) ................................................................................................................ 16

*Teva Pharma. USA, Inc. v. Sandoz, Inc.*,
    574 U.S. 318 (2015) ........................................................................................... 6

*Unwired Planet, LLC v. Apple Inc.*,
    No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ............. 16

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
    No. 2:17-CV-00456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14,
    2018) ................................................................................................................ 16

Glaser Weil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1832657

**Statutes**

35 U.S.C. § 287(a) ..............................................................................*passim*

35 U.S.C. § 292 ............................................................................................ 17

Glaser Weil

CORE OPTICAL'S OPPOSITION TO JUNIPER'S MOTION TO STAY DISCOVERY

1832657

# I.    <u>INTRODUCTION</u>

Plaintiff Core Optical Technologies, LLC ("Core Optical") hereby opposes the Motion to Stay Discovery (ECF 34) filed by Defendant Juniper Networks, Inc. ("Juniper"). Juniper's Motion to Stay runs directly counter to Section 8.b. of this Court's Initial Standing Order for Civil Cases, which states: "[d]iscovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court."

Juniper asserts that discovery should be stayed based on its co-pending Rule 12(b)(6) Motion to Dismiss (ECF 33). But contrary to Juniper's assertion, nothing in its Motion to Dismiss is case dispositive. Rather, the single issue Juniper selects from its Motion to Dismiss in support of its Motion to Stay (i.e., failure to plead compliance with the patent marking statute) is, in reality, an effort to overturn the established Federal Circuit rule that the patent marking statute, 35 U.S.C. § 287(a), does not apply when a party, like Core Optical in the present case, asserts only method claims. Moreover, any contention that the patent marking statute applies to this case cannot be decided at the pleading stage because, among other factual issues, Juniper does not identify in its motion (or elsewhere) any alleged products that have not been properly marked by Core Optical or its licensees.

Juniper does not deny that the written discovery Core Optical has already served is highly relevant to the indirect infringement issues, as well as to the identity of the Doe Defendants—all factual issues that must be resolved before they can be substantively addressed. Yet, Juniper seeks a stay nonetheless. This is improper.

For these reasons, and the additional reasons raised herein, discovery should actively continue in full, as directed by Section 8.b of this Court's Initial Standing Order for Civil Cases. And the Court should not find that any discovery is premature. Core Optical has served targeted discovery directed to the key issues in the case.  The discovery is narrowly tailored, and was previously judicially reviewed and upheld in prior litigations. Thus, Core Optical's requested discovery should go forward.

1832657

## II.    BACKGROUND

### A.    Core Optical Has Initiated Narrowly Tailored Discovery Which Is Highly Relevant to Both the Claims in the Second Amended Complaint and to Juniper's Rule 12(b)(6) Motion to Dismiss

Core Optical has already served (on March 24, 2020) narrowly tailored written discovery on Juniper, in the form of seven interrogatories. *See* Ex. A.[1] This discovery is substantively identical to interrogatories that were previously served <u>and answered</u> in three prior actions involving U.S. Patent No. 6,782,211 (the "'211 Patent-in-suit") against prior parties Ciena, Fujitsu Network Communications, and Infinera. Core Optical's interrogatories seek foundational information such as an identification of all products that operate according to the method believed to infringe (Interrogatory No. 1), Juniper's bases (if any) for asserting that the use of its products does not infringe (No. 2), the identified products' relevant signal processing steps (No. 3), Juniper's customers and sales (No. 4), Juniper's activities relating to testing, use, and operation of the products (No. 5), Juniper's costs of goods sold (No. 6), and, finally, Juniper's first awareness of the '211 Patent-in-suit (No. 7).

Rather than provide any information in response to the interrogatories—and despite knowing from prior litigations that they are relevant and appropriate—Juniper ignored the interrogatories, and served ***56 pages*** of boilerplate objections. *See* Ex. B.[2] Plainly, the combination of Juniper's Rule 12(b)(6) Motion, its Motion to Stay, and its 56 pages of boilerplate objections to narrowly tailored interrogatories, which were previously upheld in prior cases, is a transparent attempt to delay this case. Notwithstanding Juniper's tactics, discovery is essential to, *inter alia*, identify

---

[1] "Ex." refers to the Exhibits to the Declaration of Stephen Underwood filed herewith.

[2] Juniper's counsel, who previously represented Infinera Corp. in *Core Optical Technologies, LLC v. Infinera Corp.*, Case No.: 8:17-cv-00548-AG-JPR, made these objections despite knowing that many of the same objections were previously overruled, and that further substantive responses were ordered by Magistrate Judge Jean P. Rosenbluth. *See Infinera*, ECF, 48, 52.

1  Juniper's customers, not only to determine the identity of the Doe Defendants, but to

2  determine the extent of all parties' infringing activities.

3  **B.**     **Juniper's Rule 12(b)(6) Motion Presents No Case Dispositive Issues,**

4             **and the Patent Marking Statute (35 U.S.C. § 287(a)) Does Not Apply**

5             **Where Only Method Claims Are Asserted**

6      Juniper asserts that this case will be done, with no need for *any* discovery, as

7  soon as its "marking" motion to dismiss is heard. Juniper is wrong. It has been the law

8  for at least 37 years that the patent marking statute, 35 U.S.C. § 287(a), ***does not***

9  ***apply*** where a party asserts only method claims, as Core Optical does here. *Crown*

10 *Packaging Tech., Inc. v. Rexam Beverage Can Co*., 559 F.3d 1308, 1316 (Fed. Cir.

11 2009) ("In *Hanson*, 718 F.2d at 1082-83, we held that 35 U.S.C. § 287(a) ***did not***

12 ***apply*** where the patentee only asserted the method claims of a patent which included

13 both method and apparatus claims") (emphasis added); *see also Hanson v. Alpine*

14 *Valley Ski Area, Inc*., 718 F.2d 1075, 1082-83 (Fed. Cir. 1983) (in case where

15 asserted patent included both apparatus and method claims, the Federal Circuit held it

16 is "settled in the case law that the notice requirement of this statute ***does not apply***

17 where the [infringed claims are] directed to a process or method") (emphasis added).

18      Rather than address the dispositive *Crown Packaging* and *Hanson* decisions,

19 Juniper's motion to stay ignores them completely. Instead, Juniper urges the Court to

20 take a "preliminary peek" at its Motion to Dismiss, in which Juniper ignores the

21 controlling rule of *Crown Packaging* and *Hanson,* and relegates those seminal

22 decisions to a single paragraph on pages 9-10, while wrongly asserting that the

23 decision in *Am. Med. Sys. v. Med. Eng'g Corp*., 6 F.3d 1523, 1538-39 (Fed. Cir.

24 1993) created an exception to the rule of *Hanson*. Juniper's interpretation of the case

25 law is wrong. The *American Medical* decision (unlike the present case) involved an

26 appeal where <u>*both*</u> apparatus and method claims were asserted in the district court.

27 Because the bright-line rule of *Crown Packaging* and *Hanson*—*i.e.*, that the notice

28 statute does not apply when only method claims are asserted—could not apply in

1832657

1  *American Medical,* the *American Medical* case could not have created an exception to

2  *Hanson* and *Crown Packaging*.  *See American Medical*, 6 F.3d at 1538-39 ("In this

3  case, both apparatus and method claims of the '765 patent were asserted and there was

4  a physical device produced by the claimed method that was capable of being marked.

5  Therefore, we conclude that AMS was required to mark its product pursuant to

6  section 287(a) in order to recover damages under its method claims prior to actual or

7  constructive notice being given to MEC.")

8      Moreover, the panel decision in *American Medical* (1993) was decided after

9  *Hanson* (1983), and thus cannot overrule the established law of *Hanson*,[3] which was

10  later affirmed by the Federal Circuit in *Crown Packaging*. *See Crown Packaging,* 559

11  F.3d at 1316 ("*Hanson* is factually identical to this case, and we are therefore bound

12  by the rule of *Hanson.*") And, not only did the *Crown Packaging* Court reaffirm the

13  bright-line rule, it distinguished the *American Medical* decision, and rejected the very

14  arguments Juniper now makes:

15      In this case and *Hanson*, the patentee only asserted method claims

16      despite the fact that the patent contained both method and apparatus claims. In

17      *American Medical*, in contrast, "both apparatus and method claims of the 765

18      patent were asserted." *American Medical*, 6 F.3d at 1523.  Because Rexam

19      asserted only the method claims of the '839 patent, the marking requirement of

20      **35 U.S.C. § 287(a) does not apply**.

21  *Crown Packaging*, 559 F.3d at 1317 (emphasis added).

22      Moreover, in both *Hanson* and *Crown Packaging*, not only did the patentee

23  assert *only* method claims in patents having both apparatus and method claims, but

24  the patents in both cases were previously licensed as a whole (i.e., ***both*** types of

25

26  ---

[3] "This court has adopted the rule that prior decisions of a panel of the court are

27  binding precedent on subsequent panels unless and until overturned in banc . . .
[thus,] [w]here there is direct conflict, the precedential decision is the first." *Newell*

28  *Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988).

1832657

1    claims were licensed)—making both cases squarely on point with the facts of this

2    case.  *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1076 (Fed. Cir.

3    1983) ("In 1969, Hanson licensed his patent to Snow Machines International

4    ["SMI"]… Since 1969, about 1,500 SMI machines have been manufactured and

5    sold"); *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 498 F.Supp.2d

6    718, 722 (D. Del. 2007) ("Rexam and Belvac entered into a license agreement that

7    covered the '839 patent in March 1993. The agreement gave Belvac a non-exclusive

8    license to make, use and sell 'Licensed Machines'….").

9        Because Core Optical has *only* asserted method claims against Juniper, and

10   because the remaining grounds raised in Juniper's motion to dismiss are *not* case

11   dispositive, Juniper's motion to stay discovery must fail.

12   **C.    Juniper Does Not Identify Any Third-Party Products That Require**

13   **Marking**

14       Juniper's motion to stay, like its motion to dismiss, completely fails to allege

15   that there are specific third-party products that require marking. For this reason alone,

16   Juniper has not met its burden on either motion. *See Arctic Cat Inc. v. Bombardier*

17   *Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("We hold an alleged

18   infringer who challenges the patentee's compliance with § 287 *bears an initial burden*

19   *of production* to articulate *the products* it believes are unmarked 'patented articles'

20   subject to § 287") (emphasis added). Neither Juniper's motion to stay nor its pending

21   Rule 12(b)(6) motion to dismiss identifies any specific products that allegedly require

22   marking. Yet, Juniper proclaims the issue a "purely legal" one that is ripe for

23   resolution on the pleadings. ECF 34-1 at 1. Juniper is mistaken. Whether there are any

24   products that Core Optical's licensees were required to mark under § 287(a) turns on

25   myriad underlying issues of fact, including the settlement terms, the structure and

26   function of the products, and the application of the apparatus claims of the '211

27   Patent to the products. Such issues cannot be resolved without fact discovery.

28       Moreover, whether such unidentified products should have been marked under

Glaser Weil

1832657

§ 287(a) involves further legal issues, including the proper construction of the '211 Patent's apparatus claims under *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). That issue itself potentially involves underlying factual issues, with corresponding expert reports and discovery. *Teva Pharma. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326 (2015) ("While we held in *Markman* that the ultimate issue of the proper construction of a claim should be treated as a question of law, we also recognized that in patent construction, subsidiary factfinding is sometimes necessary.") Because Juniper has not identified *any* unmarked products (as it is required to do), and because these inherent factual issues cannot be decided at the pleading stage, fact discovery should not be stayed.

## III.    ARGUMENT

### A.    The Patent Marking Statute (35 U.S.C. § 287) Does Not Apply Where Only Method Claims Are Asserted

It has been the settled law for at least 37 years that the patent marking statute, 35 U.S.C. § 287(a), does not apply where, as here, only method claims are asserted in a patent that contains both method and apparatus claims.  *Hanson*, 718 F.2d at 1083; *see also Crown Packaging*, 559 F.3d at 1316. In both *Hanson* and *Crown Packaging*, the Federal Circuit unequivocally held that when a patentee asserts only method claims, the patent marking statute, 35 U.S.C. § 287(a), does "not apply."

The patent-in-suit in *Hanson*, U.S. Patent No. 2,676,471, contained both method and apparatus claims. Both the method and apparatus claims had been previously licensed, but *only* the method claims were asserted in litigation:

> Alpine states that the Hanson patent also includes apparatus claims. ***The only claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson patent, which are drawn to '[t]he method of*** forming, distributing and depositing snow upon a surface'… In affirming the district court's finding of infringement in this case, the court of appeals stated in the first sentence of its [prior]

opinion that 'the patent alleged to be infringed is [for] *a process* for making snow for winter sports.' 611 F.2d at 157, 204 USPQ at 803-04. *It is 'settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method.'* *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581, 217 USPQ 977, 979 (C.A. Fed. Cir. 1983).

*Hanson*, 718 F.2d at 1083 (emphasis added). In ruling that the patent marking statute did not apply because only method claims were asserted, *even though* the patent-in-suit had been previously licensed, the Federal Circuit held as follows:

> *Alpine contends that Hanson is precluded from recovering for the infringing use, prior to the filing of the complaint*, of two of the Hedco machines *because Hanson did not prove that Hanson's licensee SMI had marked the machines it sold*, as 35 U.S.C. § 287 (1976) allegedly required. That section provides that if the patentee or persons making or selling any patented product fail to mark the article as patented, the patentee may recover damages only for infringement committed after the infringer was notified of the infringement, and that the filing of an infringement action constitutes such notice.
>
> *The magistrate rejected the contention on two grounds*: (1) it was untimely raised, since Alpine had not presented it in any pretrial pleadings, and *(2) the patent is a process patent, to which section 287 does not apply. We agree with the latter ground of decision*, and therefore do not reach the former ruling.

*Id*. at 1082 (*emphasis added*).

The Federal Circuit held that § 287(a) did not apply in *Hanson*, even though Hanson's prior licensee, SMI, *had not marked* the machines it sold:

> In 1969, Hanson licensed his patent to Snow Machines International, which subsequently assigned the license to Snow Machines

Incorporated (both referred to as "SMI"), for a royalty of 2 1/2 percent of sales and 2 1/2 percent of the stock of SMI. Since 1969, about 1,500 SMI machines have been manufactured and sold, and SMI paid total royalties of approximately $26,000. The magistrate found that '[w]ithin the short span of twelve years, the airless snowmaking process has developed substantially and presently accounts for almost one half of all artificially produced snow.' The Hanson patent expired in 1978.

*Id*. at 1076; *see also Hanson v. Alpine Valley Ski Area*, 611 F.2d 156, 160 (6th Cir. 1979) (confirming that third-party SMI was previously "licensed" in 1970 and subsequently "made and sold around a thousand snow-making machines").

Twenty-six years later, in its 2009 *Crown Packaging* decision, the Federal Circuit again affirmed this bright-line rule:

Accordingly, a party that does not mark a patented article is not entitled to damages for infringement prior to actual notice. ***Although Rexam asserted only the method claims* of the '839 patent against Crown, the district court dismissed Rexam's counterclaim because the '839 patent also includes unasserted apparatus claims. The district court erred. *The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method.*** *Bandag, Inc. v. Gerrard Tire Co*., 704 F.2d 1578, 1581 (Fed.Cir.1983). ***In Hanson, 718 F.2d at 1082-83, we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims. Hanson is factually identical to this case, and we are therefore bound by the rule of Hanson.***

*Crown Packaging*, 559 F.2d at 1316 (emphasis added).

Juniper contends that "[i]n both cases [*Hanson* and *Crown*], the patentee had not previously asserted apparatus claims of the patent at issue, as Core has done

1832657

here," and cites *Crown Packaging*, 559 F.3d at 1317, in support.  ECF 33-1 at 10. But, nothing in *Crown Packaging* states or suggests that the patentee in that case (Rexam) had not previously asserted apparatus claims. Moreover, whether the patentees in *Crown Packaging* and *Hanson* had previously asserted apparatus claims *in litigation* is irrelevant. 35 U.S.C. § 287(a) is invoked when "Patentees, and ***persons*** making, offering for sale, or selling within the United States any patented article ***for or under them***" practice apparatus claims of the patent. The phrase "persons … for or under them" refers to licensees. *Amsted Indus. Inc. v. Buckeye Steel Castings Co*., 24 F.3d 178, 185 (Fed. Cir. 1994). Thus, what matters under § 287(a) is not whether the patentee previously asserted apparatus claims *in litigation with third parties*, but whether the patentee had previously ***licensed*** the apparatus claims to licensees.

In both *Crown Packaging* and *Hanson*, the patentee licensed apparatus claims to their licensees[4], and those licensees made and sold products which practiced the apparatus claims, without marking them with the patent number. Yet, the Federal Circuit held, in both cases, that the marking statute did ***not*** apply, because *in the case at bar*, the patentee asserted only method claims. *Crown Packaging*, 559 F.2d at 1316; *Hanson*, 718 F.2d at 1083. On these facts, there is no distinction between *Hanson, Crown,* and this case. Since Core Optical is asserting only method claims against Juniper, under *Hanson* and *Crown*, § 287(a) does not apply, and Juniper's motion to dismiss on grounds of "failure to mark" fails as a matter of law.

Juniper nonetheless argues that discovery should be stayed because its underlying motion to dismiss is "potentially dispositive of the entire case." In support, Juniper's motion to stay cites several cases. *See* ECF 34-1 at 3-4. None are apposite.

---

[4] *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co*., 679 F. Supp. 2d 512, 517 (D. Del. 2010) (noting that the license "granted Belvac a non-exclusive license to the '839 patent for the limited purpose of ***manufacturing and selling 'Licensed Tooled Machines' and 'Smooth Die Necking Tooling;'***" this is a license to the apparatus claims); *Hanson*, 718 F.2d at 1076 (noting that, under the license, "***1,500 SMI machines have been manufactured and sold;***" by licensing SMI to manufacture and sell machines, Hanson licensed it to practice the apparatus claims).

CORE OPTICAL'S OPPOSITION TO JUNIPER'S MOTION TO STAY DISCOVERY

1832657

First, Juniper cites *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) (*Arctic Cat II*). However, in *Arctic Cat II*, "Arctic Cat sued BRP for infringement of claims 13, 15, 17, 19, 25, and 30 of U.S. Patent No. 6,793,545 (the ''545 patent') and claims 15-17 and 19 of U.S. Patent No. 6,568,969 (the ''969 patent')." *See* Ex. C (summary judgment motion in *Arctic Cat II*) at 2.[5] Asserted claims 15, 17, 19 and 25 of the '545 patent, and **all** asserted claims of the '969 patent, were **apparatus** claims. *See* Ex. D ('545 patent), cols. 32-33; Ex. E ('969 patent), col. 32. Thus, in *Arctic Cat II*, the patentee **actually asserted** apparatus claims in the litigation. Here, by contrast, Core has **never** asserted method claims in this litigation, or against Juniper. To the contrary, Core's complaint explicitly states that "[t]his is an action for infringement of method claims, and *only* method claims, of U.S. Patent No. 6,782,211." ECF 31, ¶ 6. Thus, *Arctic Cat II* is inapposite.

Second, Juniper cites *Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). However, in *Lans*, the only asserted patent was "U.S. Patent No. 4,303,986." *Id.* at 1324. All claims of that patent are **apparatus** claims. *See* Ex. F (U.S. 4,303,986), cols. 12-16. Thus, *Lans* did not involve method claims. Since all claims in *Lans* were apparatus claims, under the case law, the *Lans* patentee was clearly required to mark. Just as clearly, here—under *Hanson* and *Crown Packaging*—Core Optical was **not** required to mark, because it is **only** asserting method claims.

Third, Juniper cites the district court's decision in *Horatio Washington Depot Techs. LLC v. Tolmar, Inc.,* No. CV 17-1086-LPS-CJB, 2019 WL 1276028  (D. Del. Mar. 20, 2019). But in that case, the marking defense was only raised against U.S. Pat. Nos. 5,932,547 ("the '547 patent") and 6,124,261 ("the '261 patent"). *Id.* at *2. **All** claims of both of those patents are "formulation" claims – i.e., claims directed to a

---

[5] This Court may take judicial notice of the contents of public filings from the *Arctic Cat* case, as matters of "public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This court may also take judicial notice of the contents of the patents asserted in that case, and in other cases, as "public record[s]." *Id.*

*chemical composition*, not a method. *See* Ex. G (U.S. Pat. No. 5,932,547), cols. 13-14; Ex. H (U.S. Pat. No. 6,124,261), cols. 13-16. Since the patents at issue in *Horatio Washington* did not include any method claims, *Horatio Washington* is completely irrelevant to the marking issues in this case.

Fourth, Juniper cites the district court's decision in *Jackson v. Intel Corp.,* No. 09 C 2178, 2009 WL 2851742, at *1 (N.D. Ill. Aug. 31, 2009). In that case, however, the only patent asserted was "U.S. Patent No. 4,596,900." *Id.* at *1. All claims of U.S. Patent No. 4,596,900 are *apparatus* claims. *See* Ex. H (U.S. Patent No. 4,596,900), claims 1-116. Thus, like *Lans* and *Horatio Washington*, *Jackson* has nothing to do with this case, because the patentee in *Jackson* did not assert (and could not have asserted) even a single method claim.

Simply put: none of the cases cited in Juniper's motion to stay alter the controlling rule of *Hanson* and *Crown Packaging*, which states that "35 U.S.C. § 287(a) [does] not apply where the patentee only assert[s] the method claims of a patent which include[s] both method and apparatus claims." *Crown Packaging,* 559 F.3d at 1316. Here, while the '211 patent includes both method and apparatus claims, Core is asserting *only* method claims against Juniper. Thus, under *Crown Packaging* and *Hanson*, § 287(a) poses no bar to Core's recovery of damages in this case.

In its co-pending Motion to Dismiss, Juniper relies heavily on the Federal Circuit's 1993 decision in *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993). ECF 33-1 at 7-8. But just like the other cases discussed above, *American Medical* is inapposite, because *both apparatus and method claims were asserted* in that case, and thus, the bright-line rule of *Hanson* and *Crown Packaging* did not apply. In *American Medical*, the Federal Circuit even cited to *Hanson*, and reaffirmed that "[t]he law is clear that the notice provisions of section 287 do not apply where the patent is directed to a process or method… *Hanson v. Alpine Valley Ski Area, Inc*., 718 F.2d 1075, 1083, 219 USPQ 679, 685 (Fed. Cir. 1983) (noting that section 287(a) does not apply where only method claims are infringed)." *Am. Med.*, 6

F.3d at 1538. Contrary to Juniper's assertion, whether the patent marking statute applies to a patent with both apparatus and method claims does not turn on whether the patentee has "an article to mark." It turns on whether both apparatus and method claims *are asserted* in the litigation. If so, marking is required to recover damages on either type of claim. But, if *only* method claims are asserted, *no marking is required*:

> In *Devices for Medicine*, the court noted that in *Bandag* and *Hanson*, a distinction was made between cases "in which only method claims are asserted to have been infringed" and cases where a patentee alleges infringement of both the apparatus and method claims of the same patent.

> In this case, ***both apparatus and method claims of the '765 patent were asserted*** *and there was a physical device produced by the claimed method that was capable of being marked.  Therefore, we conclude that AMS was required to mark its product pursuant to section 287(a) in order to recover damages under its method claims prior to actual or constructive notice being given to MEC*.

*American Medical,* 6 F.3d at 1539 (emphasis added).

Juniper is simply wrong when it asserts that the *American Medical* holding requires a patentee to mark if "there are tangible items to mark." ECF 33-1 at 8. In addition to asserting method claims, the patentee in *America Medical* asserted *apparatus claims*, which formed the basis for the Federal Circuit's holding. Juniper's misquote of the opinion's language amounts to nothing more than wordplay. And, rather than address the bright-line rule of *Hanson* and *Crown Packaging*, Juniper relegates those cases to a single paragraph on pages 9-10 of its motion to dismiss (while ignoring them entirely in its motion to stay), claiming incorrectly that its flawed interpretation of *American Medical* (1993) applies because *Crown Packaging* (2009) was a non-binding later panel decision. This argument completely ignores the Federal Circuit's earlier decision in *Hanson* (1983), which is on all fours with the

Glaser Weil

1832657

present case, and which was *cited with approval* in *American Medical*. Simply put:  to the extent that there is any conflict between *Hanson* and *American Medical* (and it is not clear that there is any), *Hanson* controls, as the earlier panel decision. *Newell*, 864 F.2d at 765. And, *Hanson* is on all fours with the facts of this case. Thus, *Hanson* (along with *Crown Packaging*) controls, and the marking statute poses ***no bar*** to Core Optical's recovery of damages in this case.

In its pending motion to dismiss, upon which its motion to stay is based, Juniper also cites to several other cases, including *ActiveVideo Networks v. Verizon Commc'ns*, 694 F.3d 1312, 1335 (Fed. Cir. 2012); *Rembrandt Wireless Techs., LP v. Samsung Elecs. C*o., 853 F.3d 1370 (Fed. Cir. 2017); and *Huawei Techs. Co. Ltd. v. T-Mobile US, In*c., No. 2:16-CV-0052-JRG-RSP, 2017 U.S. Dist. LEXIS 15383, at *9-10 (E.D. Tex. Sep. 4, 2017). All of these cases are inapposite for various reasons, and all are consistent with the bright-line rule that the patent marking statute does not apply when only method claims are asserted. A close examination of Juniper's citations to these decisions uncovers more of its sophistry.

In citing to the Federal Circuit opinion in *Active Video*, Juniper short cites the entire quote in an attempt to change its meaning.  Here is the entire quote, which makes plain that marking is required ***only when***—unlike the present case—a party "intends to avail itself of the constructive notice provisions of section 287(a)":

In *American Medical*, we held that if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims:

"Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so ***if it intends to avail itself of the constructive notice provisions of section 287(a)***."*Am. Med.*, 6 F.3d at 1538.

*Active Video*, 694 F.3d at 1335 (emphasis added). Because Core Optical is asserting only method claims, the patent marking statue does not apply, and there is no need for Core Optical to "avail itself" of the constructive notice provisions of section 287(a). Moreover, the *Active Video* decision confirms that the "clear" rule of *Hanson* and *Crown Packaging* remains the law:

> "[t]he law is ***clear*** that the notice provisions of § 287 do not apply where the patent is directed to a process or method." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010) (*quoting **Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1316 (Fed.Cir.2009)***)); *see also Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc*., 246 F.3d 1336, 1353 (Fed. Cir. 2001) ("Because the [asserted] patent only claims methods, the notice provisions of § 287(a) do not apply to it."); *Am. Med. Sys., Inc. v. Med. Eng'g Corp*., 6 F.3d 1523, 1538 (Fed. Cir. 1993); ***Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1083 (Fed.Cir.1983) ("It is 'settled in the case law that the notice requirement of [§ 287(a)] does not apply where the patent is directed to a process or method.'"*** (*quoting Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed.Cir.1983))).

*Active Video*, 694 F.3d at 1334 (emphasis added). Indeed, the *Active Video* court considered—and ***rejected***—a proposed new rule that the patent marking requirement should be extended to patents containing "nothing but method claims, if a patentee also asserts other patents with apparatus claims embodying the same invention in the same litigation," dubbing the proposed rule "a confusing mess." *Id*. Juniper's proposed overruling of *Hanson* and *Crown Packaging* would likewise create a "confusing mess." And, this Court lacks the authority to overrule the controlling, dispositive Federal Circuit decisions in *Hanson* and *Crown Packaging*.

In *Rembrandt Wireless*, the Federal Circuit rejected the patentee's efforts to

14

1832657

avoid the application of 35 U.S.C. § 287, where the patentee had previously asserted an apparatus claim (claim 40 of U.S. Patent No. 8,023,580) *in that same case*. In *Rembrandt,* the patentee originally asserted infringement of claim 40, and maintained that assertion throughout most of the case. Ex. I (Rembrandt's 1/24/2014 Infringement Contentions)[6] at 2 (asserting infringement of claim 40). However, after the defendants filed a motion for summary judgment for failure to mark (*see* Ex. J (*Rembrandt* docket) at 36-37), Rembrandt tried to retract the assertion of claim 40, both by withdrawing claim 40 from its infringement contentions, and by filing a statutory disclaimer of claim 40 in the U.S. Patent and Trademark Office. *Rembrandt*, 853 F.3d at 1382 (Fed. Cir. 2017). The Federal Circuit held that this was "too little, too late." Because Rembrandt had *actively asserted* the apparatus claim *in that same litigation*, the marking statute applied, regardless of Rembrandt's later attempts to disclaim that claim.  *Id*. at 1383-84. Here, by contrast, Core Optical has *never* asserted any apparatus claims against Juniper. To the contrary – Core Optical's complaint explicitly states that "[t]his is an action for infringement of method claims, and *only* method claims, of U.S. Patent No. 6,782,211." ECF 31, ¶ 6 (emphasis in original). Thus, *Rembrandt* is wholly inapposite.

Juniper also cites *Huawei Techs*. However, in that case (a district court case), the plaintiff asserted *both apparatus and method claims* against the defendants. *Huawei Techs.,* 2017 U.S. Dist. LEXIS 15383, at *9-10 ("because Huawei is asserting claims, *including device claims*, that encompass its unmarked products, the marking statute applies") (emphasis added). Here, Core Optical is asserting *only* method claims. Thus, *Huawei Techs.* is inapposite.[7]

---

[6] This Court may take judicial notice of filings from the *Rembrandt* case as a matter of "public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[7] Juniper's motion to dismiss also cites several district court cases for the proposition that "the marking statute is triggered once apparatus claims are asserted, even if they are later withdrawn." ECF 33-1 at 10. However, in each of those cases, the patentee asserted apparatus claims against the defendants *in that litigation*, and then later tried to withdraw their assertion of apparatus claims *from that same litigation*. *See*

CORE OPTICAL'S OPPOSITION TO JUNIPER'S MOTION TO STAY DISCOVERY

Glaser Weil

1832657

1    In sum, the binding precedent in *Hanson* and *Crown Packaging* remains the

2    law: "35 U.S.C. § 287(a) [does] not apply where the patentee only asserted the

3    method claims of a patent which included both method and apparatus claims." *Crown*

4    *Packaging,* 559 F.3d at 1316. That binding precedent controls here, such that the

5    marking statute poses ***no bar*** to Core Optical's recovery of damages. Thus, Juniper's

6    Motion to Dismiss—which fails as a matter of law—provides no valid excuse to

7    delay discovery, in direct contravention of this Court's standing order.

8    **B.    Juniper Concedes that the Remaining Issues in Its Motion to Dismiss**

9    **Are Not Case Dispositive, and Discovery Is Necessary to Resolve the**

10    **Indirect Infringement Issues and Identify the Doe Defendants**

11    As demonstrated, the sole basis for Juniper's motion to stay—that its motion to

12    dismiss is "case dispositive"—is entirely flawed.  Juniper's motion to dismiss directly

13    conflicts with binding Federal Circuit precedent. Juniper's pending motion is not

14    "potentially dispositive of the entire case," or even "dispositive on the issue at which

15    discovery is aimed," because Juniper's marking argument fails as a matter of law.

16    *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 U.S.

17    Dist. LEXIS 16128, at *19-20 (E.D. Cal. Feb. 7, 2011). Since Juniper's motion has no

18    possibility of "disposing of" any issues, it cannot justify a stay.

19    Meanwhile, Juniper concedes that the other issues raised in its motion to

20

21    _____

22    *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018
     WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018) ("once apparatus and method claims
23    are asserted, as is the case here, the requirements of the marking statute are triggered .
     . . This is true even where, as here, the apparatus claims are later dropped"); *Siemens*
24    *Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV-16-284-LPS-CJB,
     2018 WL 7893901, at *1 (D. Del. Dec. 17, 2018) (same); *Huawei Techs. Co. Ltd v. T-*
25    *Mobile US, Inc.*, No. 216CV00055JRGRSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct.
     15, 2017) (same); *Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017
26    WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) (same); *Osteotech, Inc. v. Regeneration*
     *Techs., Inc.*, No. CIVA306CV-04249-FLW, 2008 WL 4449564, at *6 (D.N.J. Sept.
27    25, 2008) (same). Here, Core Optical has ***never*** asserted apparatus claims against
     Juniper, and Core Optical's complaint explicitly states that "[t]his is an action for
28    infringement of method claims, and *only* method claims, of U.S. Patent No.
     6,782,211." ECF 31, ¶ 6. Thus, all of these cases are inapposite.

1832657

dismiss – i.e., "dismissal of Core's willfulness and indirect infringement claims under Fed. R. Civ. P. 12(b)(6) for failure to plead the requisite knowledge for such claims, and separately, for failure to plead egregiousness as required for a claim of willful infringement," are not case-dispositive. ECF 34-1 at 3, n. 1 (failing to argue that these grounds would be "case dispositive"). Thus, because Juniper's motion to dismiss has ***no possibility*** of being case dispositive, Juniper's motion to stay should be denied.

Remarkably, Juniper's fallback position, in its motion to bar Core Optical from taking discovery, is to ask for *its own* discovery. ECF 34-1 at 6, n. 3. Core Optical does not oppose Juniper's proposed discovery.  In accordance with the Court's Standing Order, Juniper should have served it already. But discovery should be a two-way street, and if this Court will entertain early summary judgment motions, as Juniper suggests, then Core Optical, not unexpectedly, will need its own discovery to oppose Juniper's motions and to perhaps bring its own motions. Moreover, any summary judgment motion would also likely require, as a prerequisite, a *Markman* hearing. For example, even setting aside the bright-line rule of law in *Hanson* and *Crown Packaging*, Juniper's suggested "early" summary judgment motion on the Section 287(a) marking issue would likely require construction of the '211 Patent's *apparatus* claims, to determine whether Core Optical's licensees even made devices that could be marked (particularly considering potential liability for false marking under 35 U.S.C. § 292)—ultimately leading to what the Federal Circuit has described as a "confusing mess." *ActiveVideo*, 694 F.3d at 1335 (Fed. Cir. 2012) ("The proposed rule [extending the marking requirement to patents with nothing but method claims] would be a confusing mess for the district courts to try to apply."). All of this would require discovery by both sides, not unilateral discovery by one party.

## IV.    <u>CONCLUSION</u>

Juniper contends that a temporary stay will not prejudice Core Optical because there has already been delay due to the amendments to the pleadings and the current motion practice. True enough; there has been some delay associated with pleadings

and motions, but much of that can be attributed to Juniper's requests for additional time (which Core Optical has accommodated) and Juniper's motion practice. It's time to stop. Justice delayed is justice denied. Given the extensive prior proceedings regarding the '211 Patent before both the Central District and the Patent Trial and Appeal Board, there is no good reason for this case not to proceed apace.

For these reasons, Core Optical respectfully requests that the Motion to Stay be denied in its entirety.

DATED:  May 1, 2020                          GLASER WEIL FINK HOWARD
                                             AVCHEN & SHAPIRO LLP


                                             By:   /s/Lawrence M. Hadley
                                                  LAWRENCE M. HADLEY
                                                  STEPHEN E. UNDERWOOD

                                             LAWRENCE R. LAPORTE, LEWIS
                                             BRISBOIS BISGAARD & SMITH LLP

                                                  Attorneys for Plaintiff
                                                  Core Optical Technologies, LLC

1832657

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of PLAINTIFF CORE OPTICAL TECHNOLOGIES, LLC's OPPOSITION TO JUNIPER'S MOTION TO STAY DISCOVERY via the Court's CM/ECF system this 1st day of May 2020.

/s/ Stephen Underwood
Stephen Underwood (SB # 320,303)

1832657