QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (SBN 177129)
*kevinjohnson@quinnemanuel.com*
Todd Briggs (SBN 209282)
*toddbriggs@quinnemanuel.com*
Ray Zado (SBN 208501)
*rayzado@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUNIPER NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 3:21-cv-02428-VC<br><br>**JUNIPER'S MOTION TO DISMISS CORE'S THIRD AMENDED COMPLAINT**<br><br>Hearing Date:　August 26, 2021<br>Time:　　　　　2:00 p.m.<br>Place:　　　　 Courtroom 4, 17th Floor<br>Judge:　　　　Hon. Vince Chhabria |

PLEASE TAKE NOTICE that on August 26, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, located at 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, CA 94102, Defendant Juniper Networks, Inc. ("Juniper") will and hereby does move for an order granting this Motion to Dismiss and dismissing this case, with prejudice, on the following grounds: (i) failure to plead compliance with the marking requirement of Section 287 of the Patent Act; (ii) failure to allege pre-suit knowledge for allegations of willful infringement or indirect infringement; (iii) failure to allege egregiousness for willful infringement; (iv) failure to plausibly allege infringement within the U.S. for allegations of direct infringement against a Canadian entity, BTI; and (v) failure to plead specific intent for inducement, or that the component has no substantial non-infringing uses or is a material part of the claimed invention for contributory infringement.

## **TABLE OF CONTENTS**

**Page**

I.      ISSUES TO BE DECIDED ..................................................................................2

II.     BACKGROUND ...............................................................................................2

        A.      Case History.........................................................................................2

        B.      Core Previously Asserted And Licensed The '211 Patent's Apparatus
                Claims ..................................................................................................3

        C.      The Deficient Allegations In Core's TAC ..............................................4

III.    LEGAL STANDARDS ......................................................................................5

        A.      Motion To Dismiss ...............................................................................5

        B.      The Marking Requirement .....................................................................5

IV.     ARGUMENT ....................................................................................................6

        A.      The TAC Should Be Dismissed For Failure To Plead Marking Compliance..........6

                1.      Core Triggered The Marking Requirement Via The Prior Assertion
                        Of Apparatus Claims And Cannot Now Switch It Off ..............................7

                2.      Core's Failure To Mark Forecloses All Damages .....................................10

        B.      Core Fails To Adequately Plead Willful Infringement.........................................11

                1.      Core Fails To Plausibly Allege Pre-Suit Knowledge ...............................11

                2.      Core Fails To Plausibly Allege Egregiousness ..........................................12

        C.      Core Fails To Adequately Plead Direct Infringement By BTI ............................13

        D.      Core Fails To Adequately Plead Indirect Infringement......................................14

                1.      Core Fails To Plausibly Allege Pre-Suit Knowledge ...............................14

                2.      Core Fails To Plausibly Allege Specific Intent For Inducement ...............14

                3.      Core Fails To Plausibly Allege No Substantial Non-Infringing
                        Uses And Materiality .................................................................................15

        E.      Core's TAC Should Be Dismissed With Prejudice .............................................15

V.      CONCLUSION...................................................................................................15

JUNIPER'S MOTION TO DISMISS CORE'S THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## Cases

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012).................................................................................... 8, 9

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................... 15

*Adrea, LLC v. Barnes & Noble, Inc.*,
No. 13-CV-4137-JSR, 2015 U.S. Dist. LEXIS 100312 (S.D.N.Y. July 23, 2015) ................ 10

*Am. Med. Sys. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)....................................................................... 7, 8, 9, 10

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994)......................................................................................... 6

*Apple Inc. v. Samsung Elecs. Co.*,
258 F. Supp. 3d 1013 (N.D. Cal. 2017) ...................................................................... 13

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
876 F.3d 1350 (Fed. Cir. 2017)............................................................................... 5, 6

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)...................................................................... 5, 6, 8, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................... 5

*Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*,
No. 16-CV-00186-SI, 2020 WL 4431787 (N.D. Cal. July 31, 2020)....................... 6

*Core Optical Techs., LLC v. Nokia Corp.*,
No. SA-CV-19-02190-JAK-RAOx, 2020 WL 6126285 (C.D. Cal. Oct. 8, 2020).......... passim

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
559 F.3d 1308 (Fed. Cir. 2009).......................................................................... 7, 8, 9

*CXT Systems, Inc., Plaintiff, v. Academy, Ltd. d/b/a Academy Sports + Outdoors*,
No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020) ...................... 9

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
802 F. Supp. 2d 527 (D. Del. 2011)........................................................................ 12

*Evolved Wireless, LLC v. Apple Inc.*,
No. CV-15-542-JFB-SRF, 2019 WL 1100471 (D. Del. Mar. 7, 2019) ................................. 13

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
No. 13-CV-03999-BLF, 2016 WL 3880774 (N.D. Cal. July 18, 2016), *aff'd in
pertinent part*, 879 F.3d 1299 (Fed. Cir. 2018) ...................................................... 13

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)................................................................................ 15

*Google LLC v. Princeps Interface Techs. LLC*,
   No. 19-cv-065660-EMC, 2020 U.S. Dist. LEXIS 52753 (N.D. Cal. Mar. 26, 2020) ............ 15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................. 11, 12

*Hanson v. Alpine Valley Ski Area, Inc.*,
   718 F.2d 1075 (Fed. Cir. 1983) .................................................................................... 7, 8, 9

*Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*,
   No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453 (D. Del. Mar. 20, 2019) ............... 6, 10

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 153383 (E.D. Tex. Sep. 4,
   2017) ................................................................................................................................ 5

*Jackson v. Intel Corp.*,
   No. 09-C-2178, 2009 U.S. Dist. LEXIS 78991 (N.D. Ill. Aug. 31, 2009) ......................... 6, 10

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) ................................................................................ 5, 6, 10

*Levit v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014) ........................................................................................... 5

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
   875 F.3d 1369 (Fed. Cir. 2017) ....................................................................................... 13

*Mformation Techs., Inc. v. Rsch. in Motion Ltd.*,
   830 F. Supp. 2d 815, 838 (N.D. Cal. 2011) .................................................................... 8, 9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) ................................................................................. 11

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) .................................... 12

*NetFuel, Inc. v. Cisco Sys. Inc.*,
   No. 5:18-CV-02352-EJD, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ............................ 14

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998) ....................................................................................... 11

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006) ....................................................................................... 14

*Pezoa v. Cty. of Santa Clara*,
   No. C-05-03717 JF, 2007 WL 4287532 (N.D. Cal. Dec. 6, 2007) ....................................... 14

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
   No. 17-CV-04405-HSG, 2021 WL 1164749 (N.D. Cal. Mar. 26, 2021) ............................... 13

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) .......................... 11, 12

*Read Corp. v. Portec, Inc.*,
   970 F.2d 816 (Fed. Cir. 1992) ......................................................................................... 13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017).................................................................................... 7, 8, 10

*Software Rsch., Inc. v. Dynatrace LLC*,
    316 F. Supp. 3d 1112 (N.D. Cal. 2018) .................................................................. 11, 12, 14

*Uniloc USA, Inc. v. Apple Inc.*,
    No. 19-CV-01692-EJD-VKD, 2020 WL 1984305 (N.D. Cal. Apr. 27, 2020)....................... 14

*Uniloc USA, Inc. v. Apple Inc.*,
    No. C 18-00359 WHA, 2018 U.S. Dist. LEXIS 75225 (N.D. Cal. May 2, 2018).................. 15

*Unwired Planet, LLC v. Apple, Inc.*,
    2017 WL 1175379 (N.D. Cal. 2017) ............................................................................ 8, 9, 10

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. C-11-06638-RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012)...................................... 11

*VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*,
    527 F. Supp. 2d 1072 (N.D. Cal. 2007) ............................................................................... 11

*W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*,
    874 F. Supp. 2d 526 (E.D. Va. 2012), *aff'd*, 530 F. App'x 939 (Fed. Cir. 2013)................... 13

*Wisconsin Alumni Research Found. v. Apple, Inc.*,
    140 F. Supp. 3d 791 (W.D. Wis. 2015) ............................................................................... 13

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
    No. 17-CV-03848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) .................................... 12

## Statutory Authorities

35 U.S.C. §271(a) .................................................................................................................. 11

35 U.S.C. § 287(a) ........................................................................................................... passim

Plaintiff Core Optical Technologies LLC ("Core") has asserted a single patent against Juniper in this case. This patent expired before Core filed its complaint against Juniper. Therefore, at most, Core can only seek past damages. However, because Core failed to comply with the marking requirement of Section 287(a) of the Patent Act, Core cannot even recover those past damages—and is accordingly precluded from recovering any damages here.

Core has attempted to circumvent the marking requirement by amending its complaint in this case to only assert method claims from its patent. But in prior cases, Core asserted the patent's apparatus claims, then granted licenses to the defendants in those cases (other optical networking industry participants) for their products to practice the apparatus claims. Thus, there are unmarked, licensed products in the marketplace that practice Core's patent. Under these circumstances, the marking requirement should apply and Core's attempt to evade the requirement should be rejected. Under Federal Circuit precedent and consistent with its policy purpose, the marking requirement should apply once a patentee has asserted an apparatus claim in any case, and a patentee should not be allowed to retroactively switch it off once it has been triggered, in the same case or a subsequent case. Here, Core triggered the marking requirement via the assertion of apparatus claims in prior litigation and does not dispute the presence of licensed products to mark that practice the apparatus claims of the patent. Core's entire Third Amended Complaint ("TAC") should be dismissed on this basis, and the Court need not reach any other ground.

Separately, Core's claims for willful infringement, indirect infringement, and direct infringement by BTI (a foreign entity that merged with Juniper in 2016) should be dismissed. First, Core's claims of willful and indirect infringement fail as they rest upon flawed theories for knowledge/willful blindness that are insufficient as a matter of law (allegations of industry lawsuit monitoring and allegations of notice from a third party without any articulated connection). Second, Core's claims of willfulness also fail because Core fails to allege egregious conduct. Third, Core's allegations of direct infringement by BTI should be dismissed for failure to plausibly allege infringement within the U.S. Finally, as to indirect infringement, Core fails to plead specific intent for inducement, or to plead for contributory infringement that the component has no substantial non-infringing uses and is a material part of the claimed invention.

Juniper requests that the Court dismiss Core's TAC on each of these independent grounds. And Juniper requests that the dismissal be with prejudice, as Core has been on notice of these deficiencies for nearly a year and a half, has amended its complaint three times during that timeframe, and yet has continually failed to cure these deficiencies.

## I.   ISSUES TO BE DECIDED

- Whether a patentee may avoid application of the marking requirement of Section 287 of the Patent Act by amending its pleading to assert only method claims, where it previously asserted apparatus claims of the same patent, and has licensees practicing the apparatus claims of that patent with physical products, such that tangible items to mark exist.

- Whether Core's allegations of willful infringement and indirect infringement should be dismissed for failure to allege pre-suit knowledge.

- Whether Core's allegations of willful infringement should be dismissed for failure to allege egregiousness.

- Whether Core's claims of direct infringement against BTI should be dismissed for failure to plausibly allege infringement within the United States.

- Whether Core's allegations of indirect infringement should be dismissed for failure to plead specific intent for inducement; or plead for contributory infringement that the component has no substantial non-infringing uses and is a material part of the claimed invention.

- Whether Core's claims should be dismissed with prejudice.

## II.   BACKGROUND

### A.   Case History

On November 12, 2019, Core filed a complaint against Juniper in the Central District of California, alleging infringement of U.S. Patent No. 6,782,211 (the "'211 patent").[1]  The '211

---

[1]  Core is also presently asserting the '211 patent against several other entities in C.D. Cal.  *See Core Optical Technologies, LLC v.: Nokia Corporation et al.*, 8:19-cv-02190-JAK-RAO; *ADVA Optical Networking SE et al.*, 8:20-cv-01463-JAK-RAO; *Cisco Systems, Inc. et al.*, 8:20-cv-01468-JAK-RAO; *Comcast Corporation et al.*, 8:21-cv-00046-JAK-RAO; *Amazon.com, Inc. et al.*, 8:21-cv-00049-JAK-RAO; and *Charter Communications, Inc. et al.*, 8:21-cv-00789-MCS-RAO.  Additionally, Core is asserting the '211 patent against customers of these entities in N.D. Cal., *Core Optical Technologies, LLC. V. Apple Inc. et al.*, 4:21-cv-03075-JSW, which actions are now consolidated before the Court.  (Dkt. 88.)

patent expired on November 4, 2019, before Core filed suit.  (*See* Dkt. 73 at 4 (Core acknowledging this in motion for leave to file TAC).)  Juniper notified Core it would move to dismiss its original complaint on a January 27, 2020 meet and confer.  (Dkt. 33-1 at 2.)  On January 31, 2020, before Juniper moved, Core filed a First Amended Complaint ("FAC").  (Dkt. 19.)  On March 6, 2020, Juniper moved to dismiss the FAC.  (Dkt. 29.)  On March 27, 2020, Core filed a Second Amended Complaint ("SAC").  (Dkt. 31.)  On April 10, 2020, Juniper moved to dismiss Core's SAC.  (Dkt. 33; 34.)  On May 4, 2020, Juniper moved to transfer to the Northern District of California.  (Dkt. 45.)  On April 1, 2021, the court granted Juniper's motion to transfer and Juniper's motion to dismiss the SAC remained pending before this Court.  (Dkt. 65.)  On April 28, 2021, Core moved to file a TAC before this Court.  (Dkt. 73.)  On May 28, 2021, the Court granted Core leave to file a TAC, and denied as moot Juniper's motion to dismiss the SAC.  (Dkt. 83.)  Juniper now moves to dismiss Core's TAC.  The initial CMC in this case is set for September 8, 2021.  (Dkt. 83.)

**B.**     **Core Previously Asserted And Licensed The '211 Patent's Apparatus Claims**

The '211 patent is titled "Cross Polarization Interface Canceler" and relates to systems for reducing cross polarization interference in optical networks.  (Dkt. 31-1 at 1.)  It contains apparatus and method claims.  (Dkt. 1-1 at 22-24.)  Core asserted apparatus claims of the '211 patent (in addition to method claims) in prior cases against Infinera, Ciena, and Fujitsu.[2]  In the prior cases, the accused products were optical networking products, *i.e.*, line cards and optical platforms.[3]  The prior cases were resolved through settlement, where Core licensed the defendants and their products to practice the claims of the '211 patent.[4]  Core admits that it granted licenses and had

---

[2]   Nos. SA-CV-12-1872-AG (Ciena); SA-CV-16-0437-AG (Fujitsu); and SA-CV-8:17-CV-00548-AG (Infinera).  (TAC ¶ 100.)  Core asserted apparatus claims 15, 23, and 25 in the prior cases.  (Dkt. 33-4 at 2 (Ciena joint claim construction statement); Dkt. 33-5 at 9 (Fujitsu joint claim construction statement); Dkt 33-6 at 1 (Infinera joint claim construction statement).)

[3]   *See* Dkt. 33-11 at 4 (Ciena complaint, accusing "line card[s]," and "Packet-Optical Platform[s]," *e.g.* the "eDC40G line card" and "6500 Packet-Optical Platform"); Dkt. 33-12 at 3 (Fujitsu complaint, accusing "Transponder[s]" and "Packet Optical Networking Platform[s]," e.g. the "100G Transponder" and "FLASHWAVE 9500 Packet Optical Networking Platform"); Dkt. 33-13 at 3 (Infinera complaint, accusing "network platforms," e.g. the "DTN-X Family").

[4]   *See* Dkt. 33-7 at 1 (dismissing Ciena action with prejudice but retaining jurisdiction to enforce "Settlement and Patent License and Assignment Agreement"); Dkt. 33-8 at 1 (status report re: "Settlement Agreement and Patent License Agreement" with Fujitsu); Dkt. 33-9 at 1 (stipulated of dismissal of Fujitsu action "[p]ursuant to a settlement between the parties"); Dkt. 33-10 at 1 (dismissing Infinera action but retaining jurisdiction to enforce "Settlement Agreement").

licensees practicing the '211 patent as of October 2014.  (Dkt. 33-3 ¶ 4; TAC ¶ 81.)

### C.    The Deficient Allegations In Core's TAC

In its original Complaint, Core left open the possibility of asserting apparatus claims of the '211 against Juniper products[5], then subsequently amended its Complaint to state it asserts only method claims.  (*Cf.* TAC ¶ 6 ("the asserted claims [] are *only* method Claims") *with* Dkt. 1 at ¶ 48 (asserting "***at least*** claims 30, 33, 35, and 37") (emphasis added).)  Core's original Complaint also contained no mention of the marking requirement.  (*See generally* Dkt 1.)  Throughout four iterations of its Complaint, Core has never pled that it provided Juniper with actual notice of its alleged infringement of the '211 patent, or that it or its licensees complied with the marking requirement.  Core instead maintains that: "[b]ecause Core alleges that Defendants infringe only method claims of the '211 patent … 35 U.S.C. § 287(a) does not limit Core's entitlement to damages against Defendants …."  (TAC ¶ 84.)  As a fallback position, Core maintains that because it never practiced the '211 patent and did not grant licenses before October 21, 2014 it should be allowed to recover damages for alleged infringement prior to that date.  (*Id*. ¶ 83.)

Core further alleges that Juniper is liable for past acts of direct infringement by BTI, a Canadian entity that merged with Juniper in 2016.  (TAC ¶¶ 63-79; 90.)  Core alleges that BTI directly infringed the '211 patent: (i) because "BTI made, sold, used, offered for sale, and/or imported into the United States Accused Instrumentalities" (*id*. ¶ 65); and (ii) by "using Accused Instrumentalities in the U.S., either directly or through intermediaries, and/or by providing direct assistance to its U.S. customers in using Accused Instrumentalities" (*id*. ¶ 66).

Core also brings claims for indirect infringement—inducement (TAC ¶ 91-105) and contributory infringement (*id*. ¶ 106-113); and claims willful infringement (*id*. ¶ 116-121).  Core's allegations as to knowledge and/or willful blindness rest on two grounds:  (i) that Juniper and BTI purportedly knew of the '211 patent due to Core's filing of other lawsuits on the '211 patent because as participants in the optical networking industry, Juniper and BTI "monitored patent suits" (*id*. ¶¶ 100-101) and; (ii) that Juniper somehow received knowledge of the '211 patent from

---

[5]  Core accuses several Juniper products of infringing (platforms, line cards, modules, and software).  (TAC ¶ 17-19.)

Fujitsu because Fujitsu allegedly informed another party, Cisco (*id.* ¶ 102).  Finally, Core's only purported support for its claim of egregious conduct are claims that Juniper is a "massive company," whereas Core is a "small company" (*id.* ¶ 118) and that the Patent Trial and Appeal Board ("PTAB") denied review of petitions for *inter partes* review of the '211 patent (*id.* ¶ 119).

## III.   LEGAL STANDARDS

### A.   Motion To Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also Levit v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 570).

### B.   The Marking Requirement

Section 287(a) of the Patent Act precludes relief for patent infringement when the patentee or its licensee "fails to mark properly products within the scope of the patent."  *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001).  Section 287 is designed to "encourage marking, not merely to discourage the sale of unmarked products" and "prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*") (emphasis in original); *see also Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 153383, at *9 (E.D. Tex. Sep. 4, 2017) (Section 287 "provide[s] an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article …") (internal citation omitted).

At the pleading stage, to state a plausible claim to relief, the patentee bears the burden of pleading and it and its licensees' marking compliance. *Arctic Cat Inc. v. Bombardier Rec. Prods.*,

876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*"); *Arctic Cat II*, 950 F.3d at 863-864 (requirement applies to licensees, "once an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving that the identified products do not practice the claimed invention").  A patentee that does not comply with the marking requirement may not recover any damages unless and until it provides the accused infringer actual notice of its infringement, prior to the expiration of the patent at issue. 35 U.S.C. § 287(a); *Lans*, 252 F.3d at 1328; *Arctic Cat II*, 950 F.3d at 864 ("[t]he notice requirement to which a patentee is subjected **cannot be switched on and off** . . . . Thus, once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice.") [6]

Thus, a patentee fails to state a claim for patent infringement by failing to plead marking compliance where (as here) a complaint is filed after the patent expires and the patentee did not provide the accused infringer with actual notice prior to filing.  *See Lans*, 252 F.3d at 1328; *Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*, No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453, at *7 (D. Del. Mar. 20, 2019) (same, where asserted patents expired prior to the filing of the complaint); *Jackson v. Intel Corp.*, No. 09-C-2178, 2009 U.S. Dist. LEXIS 78991, at *5 (N.D. Ill. Aug. 31, 2009) (where patentee cannot state a claim for damages due to failure to plead compliance with the marking statute, then "he has failed to state a claim" for patent infringement).

## IV.   ARGUMENT

### A.   The TAC Should Be Dismissed For Failure To Plead Marking Compliance

The Court should dismiss Core's entire TAC because: (i) the marking requirement applies

---

[6] Section § 287 may also be satisfied via actual notice to an alleged infringer.  But this notice must be of the infringement (not of the patent) and must come from the patentee.  *See Lans*, 252 F.3d at 1327; *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) ("[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement."). Post-expiration notice is too late because the defendant cannot "continue[] to infringe" following such notice, as an expired patent cannot be infringed or accrue damages.  *Lans*, 252 F.3d at 1328. There is no dispute Core did not provide Juniper with actual notice of the '211 patent, which would require "the affirmative communication of a specific charge of infringement by a specific accused product or device."  *Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*, No. 16-CV-00186-SI, 2020 WL 4431787, at *6 (N.D. Cal. July 31, 2020).  Core has never pled (and cannot plead) that it affirmatively communicated any charge of infringement, let a specific charge against a Juniper product.  Thus, the issue of Core's section 287 compliance here is limited to marking.

here, as Core's prior assertion of apparatus claims triggered it and Core may not now switch it off; and (ii) this failure to mark completely forecloses damages in this action.

**1.**     **Core Triggered The Marking Requirement Via The Prior Assertion Of Apparatus Claims And Cannot Now Switch It Off**

The marking requirement applies because Core asserted apparatus claims of the '211 patent in the prior cases against physical optical networking products, then licensed the defendants in those cases to practice those claims with physical, markable products.

"The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent." *Am. Med. Sys. v. Med. Eng'g Corp.,* 6 F.3d 1523, 1538 (Fed. Cir. 1993). "The reason that the marking statute does not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark." *Id.* "*Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so* if it intends to avail itself of the constructive notice provisions of section 287(a)." *Id.* at 1538-1539 (emphasis added).  Here, it is undisputed that: (i) the TAC does not plead marking compliance; (ii) Core repeatedly asserted apparatus claims of the '211 patent in the prior cases; and (iii) Core identified its licensees' products as tangible items that practice the method and apparatus claims of the '211 patent.  Nevertheless, Core contends that the requirement does not apply because it amended the TAC to state it only asserts method claims.  (TAC ¶ 82.)

Core relies on two decisions that declined to apply the marking requirement where a patentee only asserted method claims:  *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009) and *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983).  (*Id.*)  But neither of these cases involved patentees that previously asserted apparatus claims and identified their licensees' products as tangible items that could be marked.  And although the Federal Circuit has yet to directly address whether a patentee can switch off the marking requirement after repeatedly asserting apparatus claims in prior litigation, its articulation of the policy behind marking in *American Medical* and *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017) counsels against allowing a patentee to do so.

More specifically, the Federal Circuit's decision in *Rembrandt* counsels against the broad interpretation of *Crown* and *Hanson* that Core asks the Court to adopt.  *See* 853 F.3d at 1384. There, the Federal Circuit held that a patentee may not switch the marking requirement off via artful pleading once it is triggered.  The defendant challenged the plaintiff's entitlement to damages based on a failure to mark, where (as here) the patentee had a third-party licensee that sold unmarked products embodying an apparatus claim.  *Id*. at 1382.  In response, the patentee withdrew its apparatus claim, and even went so far as to seek disclaimer (formal removal of that claim from the patent) at the USPTO.  *Id.*  The district court allowed the patentee to avoid marking on this basis, but the Federal Circuit reversed, explaining that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages" because this would constitute "an end-run around the marking statute … irreconcilable with the statute's purpose" that would "undermine[] the marking statute's public notice function." *Id.* at 1384.  If a patentee's complete disclaimer of an apparatus claim is insufficient to relieve a patentee of its marking obligations, then selective assertion of method claims in subsequent litigation surely cannot relieve a patentee of its marking obligations either.  *See id.* at 1382-84.

The Federal Circuit's *American Medical* decision also remains viable and counsels against allowing Core to switch off the marking requirement. There, the Federal Circuit held that the marking requirement hinges upon whether ***"there is a tangible item to mark by which notice of the asserted method claims can be given."***  6 F.3d at 1538 (emphasis added); *see Mformation Techs., Inc. v. Rsch. in Motion Ltd*., 830 F. Supp. 2d 815, 838 (N.D. Cal. 2011) ("*Crown Packaging* [] made clear that in finding § 287(a) inapplicable to the facts at bar, it was not overruling or limiting *American Medical*."); *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (citing *American Medical* approvingly).  Thus, *American Medical* should apply on the facts present here, because allowing Core to circumvent the marking requirement, despite the presence of tangible items to mark, undermines section 287(a)'s public notice function. *See Arctic Cat II*, 950 F.3d at 865; *Rembrandt*, 853 F.3d at 1382-84.

Indeed, district courts, including this Court, have held that *Crown* does not excuse marking compliance where apparatus claims were previously asserted.  *See e.g. Unwired Planet, LLC v.*

*Apple, Inc.*, 2017 WL 1175379, *4 (N.D. Cal. 2017) (Chhabria, J.); *see also CXT Systems, Inc., Plaintiff, v. Academy, Ltd. d/b/a Academy Sports + Outdoors*, No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135, at *5 (E.D. Tex. Jan. 28, 2020) (collecting cases).  In *Unwired Planet*, this Court followed *American Medical* and held that it makes "intuitive sense" for the marking requirement to apply even after the patentee withdraws its apparatus claims.  2017 WL 1175379, at *4 ("[a]pparatus claims were asserted, so the marking requirement is not excused.") (also citing *Mformation*, 830 F. Supp. 2d at 838).  It also makes intuitive sense for the marking requirement to apply when the patentee repeatedly asserted apparatus claims in prior cases.

Core's interpretation of the marking statute would also result in ***illogical outcomes***. Suppose a patentee brings two co-pending lawsuits asserting the same patent against the same product (sales by defendants A and B).  In the case against defendant A, patentee asserts apparatus claims, while in the case against defendant B it does not.  Under Core's interpretation, the asserted patent ***is simultaneously subject to the marking requirement*** (in the context of defendant A) ***and not subject to it*** (in the context of defendant B).  Such a rule would undermine the purposes of Section 287 by allowing plaintiffs to circumvent the marking requirement through artful pleading. This example illustrates why the marking requirement should be triggered by the assertion of apparatus claims in separate litigations, in conformity with the policy purpose of section 287.

Though the C.D. Cal. court never ruled on Juniper's motion to dismiss, it did rule on the marking issue in Core's litigation against *Nokia.  See Core Optical Techs., LLC v. Nokia Corp.*, No. SA-CV-19-02190-JAK-RAOx, 2020 WL 6126285, at *5-6 (C.D. Cal. Oct. 8, 2020).  Despite acknowledging *Crown* and *Hanson,* the court did not address the scenario where apparatus claims were previously asserted, and the court incorrectly applied these cases to conclude that the marking requirement did not apply.  *Id.*  Further, though the C.D. Cal. court addressed *American Medical* in resolving the motion, *id*. at *5-6,[7] it failed to adequately consider the specific factual scenario present here:  Core previously took the position that its licensees' products were tangible items

---

[7]  The court also wrongly stated that "as in *American Medical*, the asserted patent in *ActiveVideo* contained only method claims".  *Id.*  In fact, the *American Medical* patent included apparatus and method claims.

that could be marked.  The court's conclusion is not consistent with the holding in *Rembrandt* (which the court did not address) that a patentee should not be allowed to make "an end-run around the marking statute" by withdrawing apparatus claims because it would "undermine[] the marking statute's public notice function."  853 F.3d at 1384.  Nor is it reconcilable with *American Medical*'s focus on the presence of a tangible article to mark.

In sum, Federal Circuit precedent interpreting marking policy, the specific facts present (apparatus claim assertion in prior litigation and the presence of tangible items to mark), and this Court's decision in *Unwired Planet* strongly favor applying the marking requirement here.

## 2.    Core's Failure To Mark Forecloses All Damages

With the marking requirement applied, Core is barred from obtaining any damages.  Core maintains that even if the marking requirement applies, because Core never licensed any third parties to practice the claims of the '211 patent prior to October 21, 2014, Section 287(a) cannot prevent Core from recovering damages prior to October 21, 2014.  (TAC ¶¶ 81-84.)  This is incorrect.  Because the marking requirement applies, *see* § IV.A.1, *supra*, and Core has not alleged marking compliance (*id.*) or actual notice *see* n.6, *supra*, Core is prohibited from receiving "*any* damages in a subsequent action."  *Arctic Cat II*, 950 F.3d at 865 (emphasis in original).

Once there is a failure to mark, Section 287(a) forecloses a patentee from recovering damages for infringement occurring before there were even products to mark.  *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-CV-4137-JSR, 2015 U.S. Dist. LEXIS 100312, at *7 (S.D.N.Y. July 23, 2015) ("if the patentee fails to mark its products but provides defendant with actual notice, damages may be recovered *only for infringement occurring after such notice*.") (emphasis in original).  Here, as it did for the patentee in *Arctic Cat II*, Core's obligation to mark arose when it authorized licensees to sell patented articles. 950 F.3d at 865.  Accordingly, Core, like the patentee in *Adrea*, cannot recover damages for alleged infringement that occurred before Core triggered its obligation to mark.  2015 U.S. Dist. LEXIS 100312, at *7-8.  As a result, Core has failed to show that it can recover past damages for Juniper's alleged infringement of the expired '211 patent, and Core's TAC must therefore be dismissed in its entirety.  *See Lans*, 252 F.3d at 1328; *Horatio*, 2019 U.S. Dist. LEXIS 45453, at *7; *Jackson*, 2009 U.S. Dist. LEXIS 78991, at *5.

### B.    Core Fails To Adequately Plead Willful Infringement

There are two independent bases on which the Court can dismiss Core's willfulness claims. First, Core cannot allege pre-suit knowledge of the '211 patent.  Second, Core fails to plead allegations from which the fact finder could draw a reasonable inference of "egregious" behavior.

### 1.    Core Fails To Plausibly Allege Pre-Suit Knowledge

To state a claim for willfulness, Core must plead facts showing Juniper had pre-suit knowledge of the patent.  *See Software Rsch., Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137 (N.D. Cal. 2018).  This may be satisfied by plausible allegations of actual knowledge, or willful blindness.  *Vasudevan Software, Inc. v. TIBCO Software Inc.,* No. C-11-06638-RS, 2012 WL 1831543, at *4 (N.D. Cal. May 18, 2012).  Here, Core's allegations of knowledge are based only on two deficient grounds:  (i) that Juniper and BTI engage in industry monitoring of lawsuits (TAC ¶ 100-101); and (ii) that Juniper received knowledge of the '211 patent from Fujitsu (*id.* ¶ 102.)[8]

Core's allegations of industry lawsuit monitoring fail to state a claim for willfulness.  First, constructive notice does not satisfy the required pre-suit knowledge for willfulness as a matter of law.  *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, 527 F. Supp. 2d 1072, 1075 n.4 (N.D. Cal. 2007).[9]  Second, a plaintiff specifically may not predicate allegations of pre-suit knowledge for willfulness on prior lawsuits or monitoring of lawsuits within an industry.  *See Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *3-6 (N.D. Cal. Sept. 24, 2013) (even participation in industry consisting of "small group of competitors" where defendant had licenses mentioning patents-in-suit was insufficient to plead pre-suit knowledge for willfulness) (citing *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012) (allegation that mobile phone providers likely monitored activities of their primary competitors, including patent litigation, was insufficient to plead required knowledge).

Core's allegation that Juniper learned of the '211 patent from Fujitsu in July 2016 also fails

---

[8]  Post-suit knowledge cannot support willfulness, but as the '211 patent expired on Nov. 4, 2019, before Core filed suit, post-suit infringement and damages are impossible. 35 U.S.C. §271(a).

[9] Though *Halo* abrogated "objective recklessness" as to willfulness, it did not overrule pre-*Halo* cases on enhanced damages.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S. Ct. 1923, 1934 (2016).

to state a plausible claim for willfulness. (TAC ¶ 102.) Core claims that Fujitsu informed Cisco of the '211 patent in July 2016. (*Id.*) Based on this, and a citation to Juniper's website calling Fujitsu an "Elite/Select partner," Core makes a remarkable leap in logic, concluding it is "reasonable" to infer Fujitsu also informed Juniper of the '211 patent. Core's allegation is based on pure speculation, and courts routinely find it implausible to infer knowledge of a patent via a third party, even where more logical inferences are advanced. *See*, *e.g. Software Rsch.,* 316 F. Supp. 3d at 1134 (dismissing allegations based on knowledge from predecessor in interest where plaintiff "provide[d] no details as to the nature of the relationship"); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) (similar, plaintiff failed to provide specific allegations regarding individuals involved and roles, or relative size of the entities); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 532–33 (D. Del. 2011) (even where complaint alleged knowledge via licensing agreements with third party for patents that cited the asserted patent as prior art the "link between the [asserted] patent and defendants ... [was] too tenuous"). And here, Core has already received discovery from Juniper confirming Juniper did not receive notice of the '211 patent until Core filed its complaint against Juniper, (Dkt. 79-4 at 5). This claim of knowledge also fails.

## 2. Core Fails To Plausibly Allege Egregiousness

To state a claim for willfulness, Core must allege facts suggesting that Juniper's conduct amounts to an "egregious case[] of misconduct beyond typical infringement." *Halo*, 136 S. Ct. at 1935. (internal quotations omitted). Core's allegations of willful infringement are insufficient because Core fails to plausibly allege egregiousness. *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-CV-03848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017) ("alleged knowledge and continued infringement [is insufficient], [pleading] needs to do more"). Core advances two bases for its contention of egregiousness: (1) that Juniper is a "massive company," whereas Core is a "small company" (TAC ¶ 118); and (2) that the PTAB denied review of prior petitions for IPR on the asserted patent (*id*. ¶ 119). Neither theory is relevant to nor suggests egregious conduct.

The relative size of Juniper and Core as entities is not evidence of or relevant to egregiousness. *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1022–23 (N.D. Cal.

2017) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) (defendant's size not a factor in determining whether "an infringer acted in [such] bad faith as to merit an increase in damages"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2016 WL 3880774, at *17 (N.D. Cal. July 18, 2016), *aff'd in pertinent part*, 879 F.3d 1299 (Fed. Cir. 2018) (rejecting argument "that [defendant's] large size somehow enabled it to act egregiously").[10]

The existence of prior PTAB proceedings also has no bearing.  There is no plausible basis to infer that Juniper had knowledge of any prior IPR involving the '211 patent. And a denial of institution by the PTAB is not preclusive or precedential, and accordingly does not eliminate a good faith basis for invalidity, let alone support allegations of egregiousness.  *See, e.g., Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2021 WL 1164749, at *1–2 (N.D. Cal. Mar. 26, 2021) ("[a] non-institution decision is not a 'decision on the merits, any more so than a grant of an IPR is a decision on the merits.'"); *see also Evolved Wireless, LLC v. Apple Inc.*, No. CV-15-542-JFB-SRF, 2019 WL 1100471, at *3 (D. Del. Mar. 7, 2019) (denial of institution has "minimal probative value").  Indeed, a district court examining this discrete issue has found that maintaining an argument previously rejected by the PTAB was *not* grounds for egregiousness.  *See Wisconsin Alumni Research Found. v. Apple, Inc.*, 140 F. Supp. 3d 791, 794 (W.D. Wis. 2015).[11]

### C.    Core Fails To Adequately Plead Direct Infringement By BTI

Core's allegations of direct infringement by BTI (a Canadian entity that merged with Juniper in 2016) should be dismissed for failure to allege infringement within the U.S.  Core purports to assert only method claims in the TAC.  Performance of a method in Canada cannot form the basis for Core's claim of direct infringement.  *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 543 (E.D. Va. 2012), *aff'd*, 530 F. App'x 939 (Fed. Cir. 2013) (direct infringement requires "proof that the infringing activity took place in the [U.S.]").  To the extent Core alleges direct infringement by BTI based on U.S. product sales (TAC ¶ 65), this allegation also fails to state a claim for relief because the sale of a product does not infringe a method claim.

---

[10] The *Read* factors remain viable after *Halo*. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382–83 (Fed. Cir. 2017).

[11] Further, IPRs address only invalidity issues and do not address non-infringement. Core has not plausibly alleged that Juniper willfully infringed a valid patent.

*See*, *e.g.*, *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus").

Core's only ostensible alternative basis for direct infringement by BTI is that BTI "us[ed] Accused Instrumentalities in the U.S., either directly or through intermediaries, and/or by providing direct assistance to its U.S. customers…." (TAC ¶ 66.)  Yet despite having received ample discovery on this issue, Core provides no support, and accordingly fails to state a claim for relief.  As Core acknowledges, Juniper has provided fulsome discovery responses in this litigation. (*See* Dkt. 73 at 11.)  These responses include information and documentation regarding BTI's testing and customer support.  (Dkt. 79-4 at 4.)  Still, Core "cite[s] no facts or theories gleaned from the [] discovery period" to support its allegation that BTI performed the asserted method in the U.S., via customer support or otherwise, so these allegations fail.  *See*, *e.g.*, *Pezoa v. Cty. of Santa Clara*, No. C-05-03717 JF, 2007 WL 4287532, at *4 (N.D. Cal. Dec. 6, 2007).

### D.     Core Fails To Adequately Plead Indirect Infringement

Core's indirect infringement claims fail for the same reasons as its willfulness claims— Core's allegations of industry monitoring of lawsuits and knowledge from Fujitsu are insufficient to allege the requisite knowledge for inducement or contributory infringement.  Core also fails to plead a specific intent to induce infringement.  And Core has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal.

#### 1.     Core Fails To Plausibly Allege Pre-Suit Knowledge

Indirect infringement requires "knowledge of the patent in suit and knowledge of patent infringement."  *See Uniloc USA, Inc. v. Apple Inc.*, No. 19-CV-01692-EJD-VKD, 2020 WL 1984305, at *3 (N.D. Cal. Apr. 27, 2020).  Thus, pre-suit knowledge is required to state a claim. *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018) (dismissing inducement for failure to allege pre-suit knowledge); *Software Rsch.* 316 F. Supp. 3d at 1136 (same as to contributory infringement).  For the reasons previously discussed, Core has failed to plead pre-suit knowledge as to Juniper or BTI, so Core's indirect infringement allegations should be dismissed.

#### 2.     Core Fails To Plausibly Allege Specific Intent For Inducement

Core also fails to plead that Juniper or BTI had specific intent to encourage infringement. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead inducement claim). Core's allegation that Juniper and BTI "induced infringement … by selling the Fiber Optic XPIC Devices to one or more customers in the U.S., along with documentation and instructions demonstrating how to use the Devices" (TAC ¶ 93, *see also id.* ¶¶ 67, 103) is insufficient. Even specific citations to promotional and instructional material (which Core's TAC lacks) are insufficient to plead the requisite intent. *See Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 U.S. Dist. LEXIS 75225, at *13 (N.D. Cal. May 2, 2018) (citations to training videos, demonstrations, brochures, and installation and user guides insufficient); *Google LLC v. Princeps Interface Techs. LLC*, No. 19-cv-065660-EMC, 2020 U.S. Dist. LEXIS 52753, *12-14 (N.D. Cal. Mar. 26, 2020) ("general and imprecise references to 'instructional materials and/or services'" insufficient). Core's inducement claims should be dismissed on this separate basis.

### 3. Core Fails To Plausibly Allege No Substantial Non-Infringing Uses And Materiality

Core's contributory infringement claims also fail to plead that: the component has no substantial non-infringing uses; and is a material part of the claimed invention. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). A fleeting reference that paraphrases the contributory infringement statute is insufficient to plead substantial non-infringing uses. *See, e.g.*, *Princeps*, 2020 U.S. Dist. LEXIS 52753 at *14-16. But that is all Core offers: a threadbare statement that the Accused Instrumentalities "have no substantial non-infringing use." (TAC ¶¶ 68, 111.) And Core makes no allegation that the accused functionality is a material part of the invention. Core's contributory infringement claims should be dismissed on this separate basis.

### E. Core's TAC Should Be Dismissed With Prejudice

Core has had three opportunities to amend its complaint to cure the above deficiencies. Accordingly, the Court should dismiss the TAC with prejudice.

## V. CONCLUSION

Juniper respectfully requests that the Court dismiss Core's entire TAC, with prejudice.

DATED: July 2, 2021     Respectfully submitted,

         QUINN EMANUEL URQUHART & SULLIVAN,
         LLP


By */s/ Todd Briggs*

Kevin P.B. Johnson (SBN 177129)
*kevinjohnson@quinnemanuel.com*
Todd Briggs (SBN 209282)
*toddbriggs@quinnemanuel.com*
Ray Zado (SBN 208501)
*rayzado@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on July 2, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

DATED:  July 2, 2021                              */s/ Todd Briggs*
                                                         Todd Briggs