LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD - State Bar No. 320303
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:    (310) 553-3000
Facsimile:    (310) 556-2920

LAWRENCE R. LAPORTE, State Bar No.  130003
Lawrence.LaPorte@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone:    (213) 250-1800
Facsimile:    (213) 250-7900

Attorneys for Plaintiff
Core Optical Technologies, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 21-CV-02428-VC<br><br>**CORE'S OPPOSITION TO JUNIPER'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C § 1292(b) AND FOR A STAY OF PROCEEDINGS**<br><br>**Hearing Date:**   December 9, 2021<br>**Hearing Time:**   10:00 a.m.<br>**Place**:   Court 4, 17th Floor<br>**Judge**:   Hon. Vince Chhabria |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................ 1
II.  STATEMENT OF ISSUES TO BE DECIDED ................................................. 2
III. STATEMENT OF RELEVANT FACTS ........................................................... 2
     A.  The '211 Patent ........................................................................................ 2
     B.  Litigation History .................................................................................... 3
     C.  Juniper's Marking Motion ....................................................................... 4
IV.  ARGUMENT ...................................................................................................... 5
     A.  Juniper Waived any Challenge to the *Hanson/Crown Packaging* Rule ........................................................................................................... 5
     B.  Juniper Fails to Show a Difference of Opinion as to the Holdings in *Hanson* and *Crown Packaging* ............................................................ 6
     C.  Even if *Hanson* and *Crown Packaging* Were Overturned on Appeal, the Ultimate Termination of this Litigation Would Not Be Advanced ................................................................................................... 7
V.   CONCLUSION ................................................................................................... 8

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*American Medical Systems, Inc. v. Medical Engineering Corp.,*
6 F.3d 1523 (Fed. Cir. 1993) ........................................................................................... 5

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,*
876 F.3d 1350 (Fed. Cir. 2017) ....................................................................................... 7

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
559 F.3d 1308 (Fed. Cir. 2009) ............................................................................... *passim*

*GS Cleantech Corp. v. Adkins Energy LLC,*
951 F.3d 1310 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1377 (2021) ...................... 6

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983) ................................................................................*passim*

*Info-Hold, Inc. v. Muzak LLC,*
783 F.3d 1365 (Fed. Cir. 2015) ...................................................................................... 6

*Nike, Inc. v. Wal-Mart Stores, Inc.,*
138 F.3d 1437 (Fed. Cir. 1998) ...................................................................................... 5

*Rembrandt Wireless Technologies, LP v. Samsung Electronics Co., Ltd.,*
853 F.3d 1370 (Fed. Cir. 2017) ...................................................................................... 5

*Sacco v. Dep't of Justice,*
317 F.3d 1384 (Fed. Cir. 2003) ...................................................................................... 6

*Singleton v. Wulff,*
428 U.S. 106 (1976) ....................................................................................................... 6

*Whittaker Corp. v. Execuair Corp.,*
953 F.2d 510 (9th Cir. 1992) .......................................................................................... 6

## FEDERAL STATUTES

28 U.S.C. § 1292(b) ................................................................................................... 1, 6, 7

35 U.S.C. § 287(a) ....................................................................................................*passim*

# I. INTRODUCTION

This Court's October 7, 2021 Order denied Juniper's motion to dismiss for alleged failure to comply with the marking statute, 35 U.S.C. § 287(a), based on Federal Circuit law that, for the past 38 years, "squarely answers the marking question here"— *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983), later reaffirmed in *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009). ECF 113 ("Order") at 2. As this Court agreed, those cases unequivocally hold that when a patentee asserts only method claims of a patent that contains both method and apparatus claims (a "combined patent"), the marking statute, 35 U.S.C. § 287(a), does not apply. *Id.*

Core Optical recognizes that this Court's Order found *Hanson* and *Crown Packaging* "hard to square" with the text and purposes of the marking statute. Order at 3. While Core Optical respectfully disagrees, this Court's Order is still not appropriate to certify for interlocutory appeal under 28 U.S.C. § 1292(b), for three reasons.

First, Juniper did not argue in its motion that *Hanson* and *Crown Packaging* were wrongly decided. Rather, Juniper argued that, under different Federal Circuit cases, the marking statute applies under the facts presented here. Having waived the argument that *Hanson* and *Crown Packaging* were wrongly decided, Juniper would be unable to assert that argument on appeal. Thus, even if the Federal Circuit wished to reconsider the *Hanson* and *Crown Packaging* rule *en banc* (and there is no indication that it does), this case lacks the appropriate procedural posture for it do so.

Second, even if this Court were to certify its Order for interlocutory review, it is highly unlikely that the Federal Circuit would review it until there is a complete record in this case. *Hanson* and *Crown Packaging* were dispositive to Juniper's motion. Accordingly, a Federal Circuit panel would be compelled to reach the same result, and affirm this Court's Order. The only way that the law set forth in *Hanson* and *Crown Packaging* could be reconsidered would be if the Federal Circuit were to hear the interlocutory appeal *en banc* in the first instance. But for the past twenty years, the Federal Circuit has issued only a handful of precedential decisions *en banc*. Even then, none were decided in the first instance *en banc* – each case was considered *en banc* only on rehearing, after a panel opinion. And, more importantly, the Federal Circuit has never heard an

1  interlocutory appeal in a patent case *en banc* in the first instance.

2        Third, interlocutory review is even more unlikely because fact issues would have precluded dismissal here even if *Hanson* and *Crown Packaging* were not the law—i.e., even if the marking statute were to apply when a patentee asserts only method claims of a combined patent.  The marking statute can only apply if the licensed products that were sold without marking actually practiced the patented invention. The alleged infringer bears an initial burden of production to articulate the products it believes are "unmarked" patented articles subject to the marking requirement.  But Juniper never identified which actual products it believes were "unmarked articles."  Moreover, even if Juniper had identified such articles, fact issues would have remained as to whether any articles sold by Core's three licensees (who obtained licenses as part of agreements to settle prior patent litigations early in those cases) practiced any apparatus claims in Core's patent. Even then, this Court found—in the same Order denying Juniper's motion to dismiss—that there were factual questions as to whether Juniper received notice of Core's infringement allegations from the prior settling defendants before the '211 patent expired, which would have obviated the marking requirement. Thus, the proposed interlocutory appeal cannot be dispositive of the case.

      Juniper's motion for interlocutory certification should therefore be denied.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should certify its Order for interlocutory appeal to the Federal Circuit for reconsideration of the *Hanson/Crown Packaging* rule, which has been the law for nearly forty years, when (1) Juniper waived its right to challenge the rule, (2) there is no difference of opinion as to what the existing rule is, and (3) even if the existing rule were changed, factual issues would remain that would preclude granting Juniper's motion to dismiss.

## III.    STATEMENT OF RELEVANT FACTS

### A.    The '211 Patent

Core Optical Technologies, LLC ("Core") is the owner by assignment of U.S. Patent No. 6,782,211 ("the '211 patent"), titled "Cross Polarization Interface [sic] Canceller," which issued on August 24, 2004 to Dr. Mark Core. Dkt. 31-1 at 2. In the late 1990s, Dr. Core earned his Ph.D. in electrical engineering from U.C. Irvine. Dkt. 31, ¶ 13. Dr. Core is the sole owner of Core. *Id*.

1  The '211 patent relates to fiberoptic technology. *Id*. In fiberoptic systems, information is
2  encoded onto the properties of light waves transmitted along a fiberoptic medium.  In the '211
3  patent, Dr. Core invented techniques that use a Cross Polarization Interference Canceler, or "XPIC,"
4  to correct for loss of orthogonality (and other impairments) in dual-polarized optical systems—*i.e.*,
5  systems in which two independent data streams are sent on the same fiber, at the same time, in
6  orthogonal polarizations.  Dr. Core's invention allowed, for the first time, the transmission of two
7  separate high-speed, coherent optical signals on the same fiber, at the same frequency, at the same
8  time, thus doubling (at least) the available data throughput of the world's fiberoptic links.

9  **B.     Litigation History**

10 Beginning in 2012, Core asserted the '211 patent in three litigations against optical
11 equipment makers in the Central District of California:  (1) C.D. Cal. Case No. SACV 12-1872 AG,
12 *Core Optical Technologies, LLC v. Ciena Corporation, et al.* (filed October 29, 2012); (2) C.D. Cal.
13 Case No. SACV 16-0437 AG, *Core Optical Technologies, LLC v. Fujitsu Network*
14 *Communications, Inc.* (filed March 7, 2016); and (3) C.D. Cal. Case No. SACV 8:17-cv-00548AG,
15 *Core Optical Technologies, LLC v. Infinera Corp.* (filed March 24, 2017). All three cases were
16 assigned to Judge Guilford, and all three settled.  All three cases settled relatively early in the
17 proceedings—after the Court issued claim constructions in *Ciena* and *Infinera*, and after the PTAB
18 denied institution of IPRs filed by Fujitsu and Infinera, because those petitions failed to demonstrate
19 a reasonable likelihood that at least one of the challenged claims was unpatentable.

20 On November 4, 2019, the '211 patent expired. Shortly thereafter, on November 12, 2019,
21 Core filed two new complaints, seeking compensation for prior infringements by other industry
22 participants. Those cases are: (i) the Central District Case against Juniper; and (ii) C.D. Cal. Case
23 No. 19-cv-02190, *Core Optical Techs., LLC v. Nokia Corp. et al.* ("the *Nokia* case"). Subsequently,
24 Core filed two additional cases against other industry participants, also in the Central District of
25 California: (i) C.D. Cal. Case No. 20-cv-1463, *Core Optical Techs., LLC v. ADVA Optical*
26 *Networking SE et al.* (the "*ADVA* case"), filed August 6, 2020; and (ii) C.D. Cal. Case No. 20-cv-
27 1468, *Core Optical Techs., LLC v. Cisco Systems, Inc.* (the "*Cisco* case"), filed August 7, 2020.  All
28 four cases were assigned to Judge Kronstadt after Judge Gilford retired.  A third IPR, filed by

Juniper and Nokia, was also denied at the institution stage on April 16, 2021 (IPR2020-01664, Paper 9).  Thus, in three separate IPRs, no Defendant has managed to convince the PTAB that there is even a "reasonable likelihood" that any asserted claim of the '211 patent is unpatentable.

On April 1, 2021, Judge Kronstadt granted Juniper's motion to transfer this case to the Northern District of California.  ECF No. 65.

### C. Juniper's Marking Motion

On April 10, 2020, Juniper filed a motion to dismiss the operative complaint in the Central District. That motion argued (among other things) that the case should be dismissed in its entirety, because Core allegedly did not comply with the patent marking statute, 35 U.S.C. § 287(a).  Dkt. 33. Nokia also filed a virtually identical motion in the *Nokia* case.  On October 8, 2020, Judge Kronstadt denied Nokia's virtually-identical motion to dismiss for failure to mark, citing the above binding Federal Circuit precedent (*Hanson* and *Crown*) and holding, as a matter of law, that "[s]ection 287(a) does not apply when a patentee assert[s] only method claims from a patent that contains both method and apparatus claims." *Nokia* case, Dkt. 61 at 6. Because it was "undisputed that Plaintiff assert[ed] only method claims" against Nokia, Core was "not required to plead compliance with § 287(a)," and Nokia's motion to dismiss on grounds of marking was denied. *Id*.

Upon transfer to this Court, Juniper re-filed its motion to dismiss on marking grounds before this Court (which Judge Kronstadt had not decided).  In its October 7, 2021 Order, this Court reached the same result:

> [T]he Federal Circuit has held that even where a patent contains both apparatus and method claims, and even when there is something to mark, a patentee can avoid the marking requirement by asserting only method claims in litigation. *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1317 (Fed. Cir. 2009); *see also Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983); *Core Optical Technologies, LLC v. Nokia Corp.*, 2020 WL 6126285, at *6 (C.D. Cal. Oct. 8, 2020). *Crown Packaging* squarely answers the marking question here. Core Optical's complaint

asserts only the '211 patent's method claims, not its apparatus claims.

For that reason, Core Optical's failure to mark does not bar damages.

ECF No. 113 at 2.

While the Court found the *Hanson/Crown Packaging* rule "hard to square with the text and purpose of the marking requirement," the Court recognized that the Patent Act's text focuses on the existence of a "patented article" to mark. *Id*. at 3. Likewise, this Court pointed to the Federal Circuit's discussion of the "marking statute's three related purposes," which focus on avoiding innocent infringement and providing public notice of a patentee's patented articles. *Id*. (*citing Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted). These purposes assume that an accused infringer does not have notice of the patent, that a patent-practicing article has been placed into the market, and that the patentee has responsibility for placing the patent-practicing article into the market.

## IV.  ARGUMENT

This Court should not certify its Order for interlocutory appeal to the Federal Circuit under 28 U.S.C. § 1292(b) for reconsideration of the *Hanson/Crown Packaging* rule, which has been the law for nearly forty years, because (1) Juniper waived its right to challenge the rule, (2) there is no difference of opinion as to what the existing rule is, and (3) even if the existing rule were changed, factual issues would remain that would preclude dismissal in this case.

### A.    Juniper Waived any Challenge to the *Hanson/Crown Packaging* Rule

Juniper's motion to dismiss did not argue that *Hanson* and *Crown Packaging* were wrongly decided. Rather, Juniper argued that Core's licensees failed to mark under the holding of a different case, *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). But this Court rejected Juniper's argument, because the patentee in *American Medical* asserted both apparatus and method claims, whereas Core Optical is asserting only method claims. ECF No. 113 at 2. Juniper also argued that *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co., Ltd.*, 853 F.3d 1370, 1382 (Fed. Cir. 2017) barred damages in this case. But this Court disagreed, finding *Rembrandt* unavailing because Core Optical did not assert and later withdraw apparatus claims against Juniper in this case. ECF No. 113 at 3.

Juniper's current motion for interlocutory certification does not seek appellate review of either finding. Instead, Juniper seeks to argue, for the first time on appeal, that *Hanson* and *Crown Packaging* were wrongly decided. But federal appellate courts, as a general rule, do "not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). In the Federal Circuit, the law of the regional circuit applies to procedural matters. *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1371 (Fed. Cir. 2015). Under Ninth Circuit law, an "argument must be raised sufficiently for the trial court to rule on it" before it can be raised on appeal. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). Because Juniper did not raise in its motion to dismiss that *Hanson* and *Crown Packaging* were wrongly decided, Core Optical had no opportunity to address whether they were correctly decided. Without a complete analysis of this issue by this Court—and without full briefing on it by the parties—the Federal Circuit, applying Ninth Circuit law, would find the issue waived, and would not consider it the first time on appeal. *See GS Cleantech Corp. v. Adkins Energy LLC,* 951 F.3d 1310, 1326 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1377 (2021). For this reason alone, this Court should deny Juniper's motion to certify the *Hanson* and *Crown Packaging* rule for interlocutory appeal.

### B. Juniper Fails to Show a Difference of Opinion as to the Holdings in *Hanson* and *Crown Packaging*

Certification for interlocutory review requires "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). But Juniper has not shown that a "difference of opinion" exists as to the *Hanson/Crown Packaging* rule, and there certainly is no conflicting Federal Circuit panel decision. To the contrary, this Court expressly found that the rule in those cases "squarely answers the marking question here." ECF No. 113 at 2.

Moreover, even if this Court were to certify its Order for interlocutory review, a Federal Circuit panel would be compelled to reach the same result, and affirm the Order. *Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003) ("A panel of [the Federal Circuit] is bound by prior precedential decisions unless and until overturned *en banc*.") (citation omitted). The only way that the Federal Circuit could reconsider whether *Hanson* and *Crown Packaging* were correctly decided would be to hear an interlocutory appeal *en banc* in the first instance. But for the past twenty years,

the Federal Circuit has issued only a handful of precedential decisions *en banc*. None of those cases were decided in the first instance *en banc*. Rather, the Federal Circuit has only taken matters *en banc* on rehearing, after a precedential panel opinion. And, more importantly, the Federal Circuit has never heard an interlocutory appeal in a patent case *en banc* in the first instance.

With no "substantial ground for difference of opinion" as to what *Hanson* and *Crown* hold, and without any substantial likelihood that the Federal Circuit would reconsider these nearly forty-year-old precedents on an interlocutory appeal *en banc* in the first instance (particularly where the issue has not been fully briefed before this Court), Juniper's motion should be denied.

### C. Even if *Hanson* and *Crown Packaging* Were Overturned on Appeal, the Ultimate Termination of this Litigation Would Not Be Advanced

Besides "a controlling question of law as to which there is substantial ground for difference of opinion," certification for interlocutory review also requires "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). But an immediate appeal from the Court's Order would not "materially advance the ultimate termination" of this case, even if the Federal Circuit were to overturn *Hanson* and *Crown Packaging en banc*. The marking statute only applies if the licensed products that were sold without marking **actually practiced** the patented invention. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287.") Juniper's motion to dismiss did not meet that burden. In a footnote, Juniper identified a few product families that Core listed in its complaints against the prior defendants. Dkt. 90 at 3, n. 3. But Juniper never clearly identified which **actual products** it believed were "unmarked articles"—let alone attempted to show how, or why, such "unmarked articles" actually practiced any apparatus claims of the '211 patent.

Even if Juniper had met its burden, factual questions would remain as to whether any articles sold by Core's three licensees (who obtained licenses as part of agreements settling prior patent litigation early in those cases, while contesting infringement) practiced any of the apparatus claims. Such factual questions plainly cannot be resolved on a Rule 12(b)(6) motion without discovery.

Finally, factual questions further exist as to whether Juniper received notice of Core's infringement allegations from the prior settling defendants before the '211 patent expired—which would have relieved Core of any marking obligation. 35 U.S.C. § 287(a). Indeed, this Court recently found that factual questions regarding notice precluded dismissal of Core Optical's willful infringement claims. ECF No. 113 at 5. Thus, Juniper has not shown that an interlocutory appeal, even if successful, would materially advance the ultimate termination of this case.

## V. CONCLUSION

For the foregoing reasons, Core Optical respectfully asks that Juniper's motion to certify this Court's October 7, 2021 Order for interlocutory appeal be denied and that this case, which has now been pending for nearly two years, proceed on the merits. Core Optical further asks that Juniper's request for a stay be denied, because Juniper's request for certification should be denied.

DATED: November 10, 2021

GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP

By:   */s/Lawrence M. Hadley*
        LAWRENCE M. HADLEY
        STEPHEN E. UNDERWOOD

LAWRENCE R. LAPORTE, LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorneys for Plaintiff
Core Optical Technologies, LLC